# THE TOSCANO LAW FIRM, LLC
80 Bloomfield Avenue
Suite 101
Caldwell, New Jersey 07006
Phone: (973) 226-1691
Fax: (973) 226-1693
Website: www.pptlawfirm.com
E-mail: ptoscano@pptlawfirm.com

**Patrick P. Toscano, Jr.**

New Jersey Bar
New York Bar
Washington, D.C. Bar

Ocean County Office:
3648 Ocean Terrace
Normandy Beach, N.J. 08739

---

October 15, 2009

**VIA ELECTRONIC FILING**

U.S. Magistrate Mark Falk
U.S. District Court
USPO & Courthouse
1 Federal Square, Room 457
Newark, NJ 07101

**RE:   Police Officer Willie Coley v. County of Essex, Essex County Prosecutor's Office, Investigator Quovella Spruill and John/Jane Doe**
**Civil Action Number: 08-4325 (WJM)**

Dear Magistrate Falk:

I just received the attached from my adversary and, respectfully, do not understand where she is coming from when she states what she does in her penultimate paragraph on the second page of her letter to you.

This case is, admittedly, very contentious. My client, Detective Coley, spent almost forty (40) days in jail for a crime he did not commit. The defendant Prosecutor' Office was grossly negligent in its initial investigation and charges. In fact, when the infant child recanted to the Prosecutor's Office, a representative therein told her mother that she was "sabotaging" their case against my client. To date, my expert has rendered three (3) reports speaking to the gross negligence and intentional acts of the Defendants.

In line with the above, Ms. Paula Dow was made aware of everything as it was happening, and discovery has shown such. Numerous letters were sent directly to her while my client was in jail, which letters had attached thereto exculpatory evidence, and which letters asked Ms. Dow to take immediate action in releasing my client from jail and dismissing all charges. Dow never responded to the letters or requests, and turned a blind eye thereto. This is just one example of why her deposition is extremely critical. Copies of these letters can be provided to your Honor immediately upon request.

I have requested convenient dates, as a courtesy to my adversary, for Ms. Dow's deposition. I have been requesting same for approximately half a year. Each time I have requested dates, I have been advised that there is no problem, and that I will receive them. I could have easily noticed her deposition without regard to my adversary's or Ms. Dow's schedule, and then moved to compel same. I have never done this in the past, and was not about to do that starting now.

Yesterday, subsequent to the deposition of another Prosecutor's Office employee, I advised Ms. Harvey that I was still awaiting deposition dates for Ms. Dow. I advised her that I would likely need her for the full allowable seven (7) hours, but that I was sure I would finish with Ms. Dow in one day.

Today, out of nowhere, I am alleged to want to do so simply to "harass" Ms. Dow. This makes no sense. Her entailed testimony is necessary, and I have no intention of wasting my client's money and having him pay for an unnecessary deposition transcript. Moreover, when I obtained testimony from Mr. Ali from the Defendant Prosecutor's Office yesterday that would undoubtedly be mirrored by the testimony of another Assistant Prosecutor scheduled to be deposed tomorrow, I advised Ms. Harvey that the deposition was unnecessary. Accordingly, it is both bemusing and quizzical to me as to why my adversary would advise you that I am attempting to harass anyone.

This is a seven-figure case. On behalf of my client, I cannot allow any stone to go unturned. I clearly need a full seven (7) hours to depose Ms. Dow, but remain quite confident that I will complete her deposition in this allotted time.

Thank you for taking the time to review this letter prior to tomorrow morning's conference call.

Very truly yours,

Patrick P. Toscano, Jr.

PPT/njt

2